IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


HOWARD HINES,

                    Plaintiff,

          v.                              CASE NO. 20-3018-SAC

CORIZON HEALTH, INC., et al.,

                    Defendants.


NOTICE AND ORDER TO SHOW CAUSE

     This matter is a civil rights action filed under 42 U.S.C. § 1983.
Plaintiff, a prisoner in state custody, proceeds pro se and in forma
pauperis.

Nature of the Complaint

     In October 2016, plaintiff was diagnosed with ulcerative
colitis. After he suffered a flare-up of that condition, a test showed
he suffered from blastocytis hominis. Plaintiff sought a referral to
a gastroenterologist, and after delays, he wrote to the prison Health
Care Provider.

     In July 2017, Doug Burris replied to a grievance, stating that
plaintiff should be given a colonoscopy, and if he still suffered
symptoms, he should see an outside gastroenterologist. Some months
later, plaintiff again wrote to Mr. Burris seeking medical attention.
In reply, Mr. Burris stated that plaintiff had been scheduled for a
colonoscopy and, if his symptoms did not improve, a GI consult.

     In March 2018, Dr. Penbroke, an outside specialist, performed
a colonoscopy at a local hospital and prescribed medication. For
several months afterward, plaintiff requested the medication from the
prison health service and was told it had been ordered but had not

arrived. The complaint states that the medication in fact had arrived but was not made available until approximately a week before its expiration date. Plaintiff states this error occurred because defendant Boyce, a nurse at the Lansing Correctional Facility (LCF), failed to turn a page in a ledger book. When the receipt of the medication was discovered, the prison's residential physician, defendant Williams, advised plaintiff that since he had not been receiving the medication, the medication would not be provided and plaintiff's condition would be monitored.

Plaintiff complains the failure to provide the recommended treatment has caused his condition to worsen and possibly rendered it irreparable. He seeks damages.

## Screening Standards

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*,

487 U.S. 42, 48-49 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that

they encompass a wide swath of conduct much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (citing *Twombly* at 1974).

## Discussion

The Court's initial review of the complaint shows that certain deficiencies exist.

## Statute of limitations

The Court first considers whether any portion of the action is barred by the governing limitation period. The limitation period for a damages claim filed under § 1983 is based upon the personal injury limitations period that exists under state law. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008). In Kansas, the applicable period is two years. *See* K.S.A. 60-513(a)(4). Federal law governs the accrual of a claim under § 1983, and "1983 claims accrue, for the purposes of the statute of limitations, when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Johnson v. Johnson Cty. Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991).

Plaintiff commenced this action on January 15, 2020, and any claims before mid-January 2018 are subject to dismissal.

## Personal participation

To state a claim for relief for a constitutional violation under § 1983, a plaintiff must show that the defendant acted under color of state law and caused, or contributed to, the harm alleged. *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996). The plaintiff also must show the personal participation of each defendant, and bare allegations are insufficient to meet this showing. *Id.*; *see also Foote*

*v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997)("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation."). An individual cannot be held liable under § 1983 on the basis of supervisory status. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008). Rather, to present a claim against a governmental official for conduct related to supervisory authority, a plaintiff must show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 615 F.3d 1185, 1198 (10th Cir. 2010)(quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)).
I

Because no specific allegations are presented against some of the defendants identified in the caption of the complaint, the Court will direct plaintiff to show cause why they should not be dismissed from this action.

First, the complaint identifies no act or omission by defendant Corizon. Where a corporate entity performs a role typically performed by a state or municipality, the corporation can be sued under § 1983. *Richardson v. McKnight*, 521 U.S. 399, 413 (1997)(citing *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922 (1982)); *see also Smith v. Cochran*, 339 F.3d 1205, 1215-16 (10th Cir. 2003)(citations omitted)("[P]ersons to whom the state delegates its penological functions, which include the custody and supervision of prisoners, can be held liable for violations of the Eighth Amendment.").

To prevail on a claim for relief against a corporate entity, a plaintiff must show that the corporation deprived him of

constitutional rights under an official policy or custom. *See Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993)(A private corporation performing a governmental function is liable under § 1983 where the plaintiff shows both "1) the existence of a … policy or custom, and 2) that there is a direct causal link between the policy or custom and the injury alleged."). Because plaintiff has not presented any allegation concerning Corizon, this defendant is subject to dismissal.

Next, the caption of the complaint identifies Dr. Scott Penbroke as a defendant, but the complaint contains no allegations against this defendant except that he performed the colonoscopy on plaintiff and ordered medication for him. Plaintiff has not alleged any act or omission by this defendant that violated his protected rights, and this defendant therefore is subject to dismissal.

Third, the complaint identifies Rainwindur Kaur as a defendant and claims she changed plaintiff's medication without conferring with the specialist or residential physician (Doc. 1, p. 5, par. 2b). However, the complaint does not identify when this took place or how the substitution violated plaintiff's rights.

### Participation in the grievance process

Plaintiff's claims against defendants Meyer, Ross, Burris, and McCullough appear to rest on the fact that they responded to his administrative grievances.

A prisoner has no independent constitutional right to a grievance procedure. *Boyd v. Werholtz*, 443 F. App's 331, 332 (10th Cir. 2011). Accordingly, the Tenth Circuit has recognized that constitutional claims against a defendant whose only involvement in the alleged violations was during the grievance process do not state a claim for

relief. *See Larson v. Meek*, No. 041169, 2007 WL 1705086, *3 (10th Cir. June 14, 2007)(stating that prison official's "denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.").

Therefore, these defendants also are subject to dismissal from this action.

Plaintiff will be given the opportunity to object to the dismissal of these defendants and, if he chooses, to file an amended complaint.

**Pending motions**

Three motions filed by plaintiff are pending before the Court. First, plaintiff moves for an order directing the prison financial office to submit the balance of the filing fee to the clerk of the court (Doc. 6).

Because he is proceeding in forma pauperis, plaintiff is required to pay the filing fee of $350.00 and may pay in installments. 28 U.S.C. § 1915(b). The docket sheet in this matter shows plaintiff submitted an initial partial filing fee of $26.50 on January 31, 2020. In a supplement to the motion (Doc. 7), however, he provides a financial record from his prison account showing that on February 4, 2020, the facility submitted the full filing fee of $350.00 and deducted it from his forced savings account. In addition, the facility's record shows that on February 5, 2020, the facility deducted two installment payments, one in the amount of $16.00 and one in the amount of $10.00. Therefore, plaintiff's motion to direct the payment of the full filing fee is moot, and he is entitled to a refund of the overpayment. The Court requested a review of this by its financial office, and that review determined that the overpayment was refunded to plaintiff. A

copy of the review is attached to this order.

Next, plaintiff moves for a preliminary injunction and a temporary restraining order (Doc. 8). In that motion, plaintiff states that due to pandemic conditions, prisoners have been offered video visitation and free phone calls due to a lack of in-person visitation. Due to his custody classification, however, plaintiff has not been provided video visitation. He seeks relief to provide video visitation and access to e-mailed photographs of family members, including children.

To obtain a preliminary injunction, the moving party must show that the following four factors weigh in his favor "(1) [he] is substantially likely to succeed on the merits; (2) [he] will suffer irreparable injury if the injunction is denied; (3) [his] threatened injury outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction would not be adverse to the public interest." *Awad v. Ziriax*, 670 F.3d 1111, 1125 (10th Cir. 2012)(alterations in original)(quoting *Beltronics USA, Inc. v. Midwest Inventory Distribution, L.L.C.*, 562 F.3d 1067, 1070 (10th Cir. 2009)).

A preliminary injunction is an "'extraordinary remedy' that is granted only when 'the movant's right to relief [is] clear and unequivocal." *First W. Capital Mgmt. Co. v. Malamed*, 874 F.3d 1136, 1145 (10th Cir. 2017)(alteration in original)(quoting *Wilderness Workshop*, 531 F.3d at 1224).

Here, the injunctive relief sought by plaintiff is unrelated to his claim of constitutionally inadequate medical care, and it does not appear that plaintiff has pursued relief through the grievance process. The Court finds no legal grounds to grant preliminary

injunctive relief or a restraining order under these circumstances and will deny the motion.

Plaintiff's third motion seeks the transfer of this action. He states that he intended to file this matter in the "United States District Court for the District of Kansas, Leavenworth County, 601 South Street, Suite 3051, Leavenworth, Kansas, 66048."

Plaintiff appears to confuse two courts. The District Court of Leavenworth County, Kansas, at 601 S. 3rd Street, Suite 3051, Leavenworth, Kansas, is a state district court which processes claims brought under state law.

This case currently is pending in federal court, the United States District Court for the District of Kansas. Because plaintiff is incarcerated, his federal claims are properly filed in the Topeka, Kansas, division, which processes federal filings by prisoners. If plaintiff intended to proceed on federal claims in a federal court, transfer is not required. Plaintiff must advise the Court whether he intended to proceed in state district court on claims arising under state law or in federal court.

### Conclusion

For the reasons set forth, the Court directs plaintiff to offer any objection to the dismissal of defendants Corizon, Inc., Penbroke, Kaur, Meyer, Ross, Burris, and McCullough from this action for the reasons set forth. If plaintiff wishes to present additional allegations concerning these defendants, he may file an amended complaint that includes that material[1]. Next, the Court directs

---

[1] In order to add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended

plaintiff to advise the Court whether it is his intention to proceed on federal claims in this court or whether he wishes to proceed on state law grounds in the District Court of Leavenworth County.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including **October 30, 2020,** to respond to this order. If he fails to respond by that date, the Court will dismiss the defendants identified for lack of personal participation, dismiss all claims occurring before January 15, 2018, and will deny the motion to transfer.

IT IS FURTHER ORDERED that plaintiff's motion for order directing the prison finance office to submit the full filing fee (Doc. 6) is denied as moot.

IT IS FURTHER ORDERED plaintiff's motion for a preliminary injunction and temporary restraining order (Doc. 8) is denied.

**IT IS SO ORDERED.**

DATED:  This 28th day of September, 2020, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (20-3018-SAC) at the top of the first page of his Amended Complaint, and he must name every defendant in the caption of the Amended Complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again the body of the complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient facts to show a federal constitutional violation.