```
               IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS
```

**HOWARD HINES,**

                         **Plaintiff,**

        **v.**                                              **CASE NO. 20-3018-SAC**

**CORIZON HEALTH, INC., et al.,**

                         **Defendants.**

## MEMORANDUM AND ORDER

This matter comes before the Court upon Plaintiff's Motion for Expert Witness (Doc. 17), Motion for Discovery (Doc. 18), and Motion for Production of Documents (Doc. 19). Plaintiff asks the Court to allow him an expert witness for assistance in interpreting and explaining the *Martinez* report. (Doc. 17, p. 3.) He also generally requests discovery and various documents showing his date of diagnosis, the treatments he was offered, and the treatments prescribed. (Docs. 18 and 19.)

Plaintiff's motions are premature. Plaintiff seeks an expert witness to "lend [his or her] expertise on matters pertaining to whether[] or not the plaintiff (patient) received Standard Medical Treatments, at the hands of quali[f]ied Health Care Providers[ a]nd whether the doctor prescribing the medication acted under contract as a [licensed] doctor entering a contract to provide medical treatments." (Doc. 17, p. 1.)

This action currently is in the preliminary screening stage, during which the Court liberally construes pro se pleadings, accepts

all well-pleaded allegations in the complaint as true, and construes them in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Moreover, although the Court may consider the *Martinez* report during screening, it may not use the report as a basis to refute facts Plaintiff has pled in his complaint. *See Winkel v. Hammond*, 704 Fed. Appx. 735, 737 (2017) (citing *Swoboda v. Dubach*, 992 F.2d 286, 290 (10th Cir. 1993)). There is no need for an expert witness at the current stage of these proceedings.

Plaintiff's other two motions seek discovery, but discovery in this case has not yet commenced. *See* Fed. R. Civ. P. 26(d). Thus, those motions are denied without prejudice as premature.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Expert Witness (Doc. 17), Motion for Discovery (Doc. 18), and Motion for Production of Documents (Doc. 19), are **denied.**

**IT IS SO ORDERED.**

DATED:  This 2nd day of August, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge